IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY RAY LOVE | ) | CASE NO. 4:10CV1347 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Billy Ray Love, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 28, 2005, he pled guilty in the United States District Court for the Western District of North Carolina to manufacturing and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). He was sentenced to a term of imprisonment of 97 months.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). Since Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir.2006);

*Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Petitioner was notified that he was being denied early release on March 8, 2010. About two weeks later he completed a BP9 Administrative Remedy Form setting forth his argument as to why he should receive early release. On April 16, 2010, the Warden denied his request. Despite this knowledge, Petitioner continued to appeal by filing a BP10. This appeal was denied on May 20, 2010. A Central Office Administrative Remedy Appeal, BP11, was filed on June 1, 2010. Petitioner did not state the outcome, if any, of his final appeal. In any event, the Court will proceed as if he has exhausted his administrative remedies.

Petitioner states that he was accepted into the Bureau of Prisons Residential Drug Abuse Program. He the applied for early release but was rejected pursuant to 28 CFR § 550.55(b)(5) which provides in pertinent part as follows:

> Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; ...

Petitioner asserts that Bureau of Prisons ("BOP") found that he received a term enhancement for creating a substantial risk of harm to human life during the manufacture of methamphetamine. He contends that this not the same as conduct presenting a serious potential risk of physical force against the person or property of another. The sentencing court found him not to be involved in a violent crime. Thus, he should not have been found ineligible for early release under 18 U.S.C. § 3621(e) due to 28 CFR § 550.55(b).

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP "issued guidance directing that 'inmates must now be reviewed for pre-release RRC [Residential Re-entry Center] placements 17-19 months before their projected release dates.'" *Ramirez v. Eichenlaub,* 2008 WL 4791892 * 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir. 2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 44142 (Oct. 21, 2008). *McIntosh v. Hickey*, 2010 WL 1959308 * 3 (E.D. Ky., May 17, 2010).

The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. *See e.g., Peck v. Hoff,* 660 F.2d 371 (8th Cir.1981). Claims based on classification procedures do not state constitutional claims. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional

3

entitlement to invoke due process claims. Id.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

Date: August 9, 2010

/s/ Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.